**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**32**
**CA 11-01429**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NUSHAWN WILLIAMS, ALSO KNOWN AS
SHYTEEK JOHNSON, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MICHAEL J. CONNOLLY OF COUNSEL), FOR PETITIONER-APPELLANT.

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County (John L. Michalski, A.J.), entered April 18, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order granted respondent's motion for a change of venue.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Petitioner appeals from an order granting respondent's motion for a change of venue in this Mental Hygiene Law article 10 proceeding. We note at the outset that we affirmed the order denying respondent's motion to dismiss the petition (*Matter of State of New York v Williams*, ___ AD3d ____ [Feb. 17, 2012]). The petition was originally filed in Supreme Court, Erie County, because respondent was confined in a correctional facility located therein and, following a hearing, the court concluded that there was probable cause to believe that respondent required civil management and pretrial detention (*see* § 10.06 [g]). Respondent moved for, inter alia, a change of venue from Erie County to Chautauqua County, the county in which he was convicted of the underlying offenses, on the ground that the case had "garnered unprecedented media coverage," and thus it was unlikely that he could receive a fair trial in Erie County. Petitioner did not oppose the change in venue. Supreme Court, Erie County, granted the motion and transferred the proceeding to Chautauqua County.

Respondent thereafter moved for a change of venue back to Erie County, on the same ground upon which his prior motion was based, i.e., that he cannot receive a fair trial in the county in question.

We conclude that Supreme Court, Chautauqua County, erred in granting respondent's motion. Mental Hygiene Law § 10.08 (e) authorizes a court to change the venue of the proceeding "to any county for good cause, which may include considerations relating to the convenience of the parties or witnesses . . . ." To establish good cause for a change of venue, the party seeking such relief must set forth specific facts sufficient to demonstrate a sound basis for the transfer (*see Matter of State of New York v Zimmer* [appeal No. 2], 63 AD3d 1562). Conclusory statements unsupported by facts are insufficient to warrant a change of venue (*see id*.). Here, respondent failed to make any factual or evidentiary showing that he would be unable to obtain a fair trial in Chautauqua County or that a transfer was necessary for the convenience of the parties or witnesses.

Entered:  February 17, 2012                     Frances E. Cafarell
                                                Clerk of the Court