# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1141
CA 11-02087
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES R. CARTER, RESPONDENT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered March 30, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, granted the motion of petitioner for a change of venue.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and vacating the first and second ordering paragraphs and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from an order granting petitioner's motion for a change of venue from Livingston County to Broome County in this Mental Hygiene Law article 10 proceeding. In support of its motion, petitioner provided the affirmation of its attorney stating that numerous victims and law enforcement witnesses would be "greatly inconvenienced" if required to travel from Broome County to Livingston County. Petitioner also argued in support of the motion that the underlying crimes, which were committed more than 20 years before the petition was filed, were committed in Broome County and that respondent had the greatest ties to that county. In opposition, respondent's attorney asserted in an affirmation that petitioner failed to establish good cause for a change of venue, as required by Mental Hygiene Law § 10.08 (e), because the underlying crimes are "deemed established and shall not be relitigated" in an article 10 proceeding and thus the convenience of victims and law enforcement witnesses does not constitute good cause for a change of venue (§ 10.07 [c]; *see* § 10.08 [e]). Respondent's attorney further asserted that respondent had lived outside of New York State his entire life before relocating to Broome County with a codefendant and had no ties to that county. In reply, petitioner provided the redacted affidavits of two victims and the affidavit of a police witness stating that they had been advised that they may be subpoenaed

to testify and that it would be inconvenient to travel to Livingston County.  Supreme Court granted the motion, determining that the testimony of the proposed witnesses, "if necessary, may be an integral part of the hearing."

We conclude that petitioner failed to establish good cause for a change of venue (*see* Mental Hygiene Law § 10.08 [e]).  Although the convenience of witnesses may constitute good cause (*see id.*), here petitioner failed to "set forth specific facts sufficient to demonstrate a sound basis for the transfer" (*Matter of State of New York v Williams*, 92 AD3d 1271, 1271-1272; *see Matter of State of New York v Zimmer* [appeal No. 2], 63 AD3d 1562, 1562-1563).  Instead, petitioner's attorney stated that the victims and law enforcement witnesses "may" be called, "if necessary," and further stated in a conclusory manner that respondent had the greatest ties to Broome County (*see Zimmer*, 63 AD3d at 1563).

Respondent further contends that he was denied effective assistance of counsel because, in opposition to the motion, his attorney failed to identify respondent's proposed witnesses and the nature of the expected testimony.  We reject that contention.  We note that because respondent is subject to civil confinement, the standard for determining whether effective assistance of counsel was provided in criminal matters is applicable here (*see Matter of State of New York v Campany*, 77 AD3d 92, 98, *lv denied* 15 NY3d 713).  Nevertheless, respondent failed to "demonstrate the absence of strategic or other legitimate explanations" for his attorney's alleged deficiency (*People v Caban*, 5 NY3d 143, 154), and we conclude that his attorney provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  November 9, 2012                        Frances E. Cafarell
                                                  Clerk of the Court