# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1299**

**CA 11-02562**

PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

MICHAEL STEINMETZ, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(CRAIG P. SCHLANGER OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (James
C. Tormey, III, J.), entered October 7, 2011 in a proceeding pursuant
to Mental Hygiene Law article 10. The order, insofar as appealed
from, granted petitioner's motion to change the venue of the trial to
Delaware County.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and the motion is
denied.

Memorandum: In this proceeding pursuant to Mental Hygiene Law
article 10, respondent appeals from that part of an order granting
petitioner's motion to change the venue of the trial from Oneida
County to Delaware County. We agree with respondent that Supreme
Court erred in granting the motion inasmuch as petitioner failed to
establish good cause for a change of venue (*see* Mental Hygiene Law §
10.08 [e]).

"Although the convenience of witnesses may constitute good cause
. . . , here petitioner failed to 'set forth specific facts sufficient
to demonstrate a sound basis for the transfer' " (*Matter of State of
New York v Carter*, 100 AD3d 1438, ___, quoting *Matter of State of New
York v Williams*, 92 AD3d 1271, 1271-1272; *see Matter of State of New
York v Zimmer* [appeal No. 2], 63 AD3d 1562, 1562-1563). In support of
the motion, petitioner's attorney stated in a conclusory manner that
all of the possible witnesses would face a hardship in having to
travel from Delaware County to Oneida County. Although petitioner
also submitted affidavits from four government-employed witnesses,
those affidavits stated only that they had "been advised by the Office
of the Attorney General that [they] *may* be subpoenaed to testify" and
that travel from Delaware County to Oneida County would be burdensome

(emphasis added). In *Carter* we held that a speculative and conclusory affidavit such as the affidavits submitted in this case was insufficient to meet petitioner's initial burden on a motion to change venue, and we perceive no basis upon which to distinguish this case from *Carter*.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court