Memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, respondent appeals from that part of an order granting petitioner’s motion to change the venue of the trial from Oneida County to Delaware County. We agree with respondent that Supreme Court erred in granting the motion inasmuch as petitioner failed to establish good cause for a change of venue (see Mental Hygiene Law § 10.08 [e]).
*1727 “Although the convenience of witnesses may constitute good cause . . . , here petitioner failed to ‘set forth specific facts sufficient to demonstrate a sound basis for the transfer’ ” (Matter of State of New York v Carter, 100 AD3d 1438, 1439 [2012], quoting Matter of State of New York v Williams, 92 AD3d 1271, 1271-1272 [2012]; see Matter of State of New York v Zimmer [appeal No. 2], 63 AD3d 1562, 1562-1563 [2009]). In support of the motion, petitioner’s attorney stated in a conclusory manner that all of the possible witnesses would face a hardship in having to travel from Delaware County to Oneida County. Although petitioner also submitted affidavits from four government-employed witnesses, those affidavits stated only that they had “been advised by the Office of the Attorney General that [they] may be subpoenaed to testify” and that travel from Delaware County to Oneida County would be burdensome (emphasis added). In Carter we held that a speculative and conclusory affidavit such as the affidavits submitted in this case was insufficient to meet petitioner’s initial burden on a motion to change venue, and we perceive no basis upon which to distinguish this case from Carter. Present — Scudder, P.J., Centra, Valentino, Whalen and Martoche, JJ.