OPINION OF THE COURT
James D. Pacones, J.
In this proceeding commenced under Mental Hygiene Law article 10, the record indicates that respondent did not file a notice of removal to the county (Tompkins County) of the underlying criminal sex offense charges according to Mental Hygiene Law § 10.06 (b) after the sex offender civil management petition was filed. The court conducted a hearing on November 30, 2012 pursuant to Mental Hygiene Law § 10.06 (k). Probable cause was found to exist that the respondent is a sex offender requiring civil management. By order of the same date, the respondent was committed to a secure treatment facility designated by the Commissioner of the New York State Office of Mental Health (OMH). The order further directs that respondent shall not be released from OMH pending completion of the trial or other disposition of this matter, unless otherwise ordered by a court of competent jurisdiction. (Mental Hygiene Law § 10.06 [k].)
The petitioner now moves for an order pursuant to Mental Hygiene Law § 10.08 (e) changing the venue of this proceeding to the Supreme Court, Tompkins County. The respondent opposes the motion. Motion granted.
Mental Hygiene Law § 10.08 (e) provides: “At any hearing or trial pursuant to the provisions of this article, the court may change the venue of the trial to any county for good cause, which may include considerations relating to the convenience of the parties or witnesses or the condition of the respondent.”
The thrust of respondent’s opposition is focused on the convenience of witnesses issue. A variety of trial level decisions and appellate court determinations, primarily from the Fourth Department, are cited in support of respondent’s claim that petitioner has failed to demonstrate good cause as to the convenience of the witnesses so as to warrant a change of venue. The bulk of the cited decisions determined that good cause was not shown due to an absence of specific facts sufficient to demonstrate a sound basis for the transfer. (Matter of State of New York v Williams, 92 AD3d 1271, 1272 [4th Dept 2012], rearg denied 96 AD3d 1513 [4th Dept 2012].) This proceeding is located in the Second Department. Neither party has cited any appellate authority emanating from it regarding the application of Mental Hygiene Law § 10.08 (e).
*1013 The post submission citation by respondent, Matter of State of New York v Steinmetz (101 AD3d 1726 [4th Dept 2012]), reaffirms his position. This decision is readily distinguishable and not controlling. The Steinmetz Court relied upon one of its earlier decisions, Matter of State of New York v Carter (100 AD3d 1438 [4th Dept 2012]), in deciding the same issue, namely, the convenience of witnesses on a change of venue motion. In both instances, the appellate court stated that the petitioner failed to establish good cause for a change of venue under Mental Hygiene Law § 10.08 (e). The petitioner failed to set forth specific facts sufficient to demonstrate a sound basis for the transfer. These determinations were grounded in the principle that “[c]onclusory statements unsupported by facts are insufficient to warrant a change of venue.” (Matter of State of New York v Williams at 1272.) The Williams decision is cited in both Steinmetz and Carter as controlling on this issue.
On this application, the petitioner’s counsel has provided a succinct recapitulation of the names, work location, and anticipated testimony from eight potential witnesses. They are all either state or county employees who are employed at locations much closer to Tompkins County than Dutchess County. It is plausible they would experience undue hardship if required to travel to Poughkeepsie, New York, a distance in excess of 150 miles one way, as opposed to a much shorter distance to the Tompkins County courthouse for the purpose of testifying. “The convenience of State and local government officials is of paramount importance because they should not be kept from their duties unnecessarily.” (Chimirri v Evergreen Am. Corp., 211 AD2d 743, 744 [2d Dept 1995].)
In addition, counsel notes that respondent’s two victims reside significantly closer to Tompkins County than to Dutchess County. Thus, they can expect the same hardship if required to travel to Poughkeepsie, New York in order to testify. There are presently no witnesses from the Dutchess County area with information relevant to this proceeding. Records pertaining to the respondent indicate that he has no family, social or employment contacts with Dutchess County. The only connection to Dutchess County is his incarceration in Fishkill Correctional Facility at the time this proceeding was initiated. All of his relevant contacts during the time preceding his incarceration were to Tompkins County and its immediate vicinity.
Another factor for consideration relates to venues of future proceedings in the event that respondent is found to require *1014 civil management. This is significant in light of the articulated legislative findings that some sex offenders “may require long-term specialized treatment modalities to address their risk to reoffend.” (Mental Hygiene Law § 10.01 [b].) Mental Hygiene Law § 10.01 (c) anticipates that some sex offenders will be subjected to treatment in a regimen of strict and intensive outpatient supervision without the necessity for commitment. The statutory scheme specifically provides for notice to the respondent and his counsel “of the right to petition the court for discharge” annually. (Mental Hygiene Law § 10.09 [a].) The statute requires that every respondent committed shall have an annual evaluation of his or her mental condition and shall have the right to petition the court for an independent psychiatric examination. Consequently, the statute contemplates the potential of annual court involvement in the event of any violation of an outpatient regimen or in the circumstances of an annual exam for civilly committed individuals.
It is significant that the legislature opted to include distinct venue provisions in Mental Hygiene Law article 10 instead of relying on CPLR article 5 and existing case authority. The language of Mental Hygiene Law § 10.08 (e) is unequivocal and specifically permits the court to consider the convenience of the parties or witnesses or the condition of the respondent.
Considering all of the relevant factors above, the petitioner has established sufficient good cause to change venue of the trial in this proceeding to Tompkins County. It is ordered that the clerk of Supreme Court, Dutchess County is directed to transfer this proceeding to the clerk of Supreme Court, Tompkins County.