# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**384**

**CA 11-02111**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF TYRONE DAVIS,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DIVISION OF
PAROLE, RESPONDENTS-RESPONDENTS.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (William
D. Walsh, A.J.), entered August 12, 2011 in a proceeding pursuant to
Mental Hygiene Law article 10.  The order continued petitioner's
commitment to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In March 2010 Supreme Court, Bronx County,
determined that petitioner was a dangerous sex offender in need of
civil confinement (*see* Mental Hygiene Law § 10.07 [f]).  He is
currently confined at the Central New York Psychiatric Center in
Oneida County.  Pursuant to Mental Hygiene Law § 10.09 (a), in early
2011 the Commissioner of respondent New York State Office of Mental
Health (OMH) provided petitioner with an annual written notice of the
right to petition the court for discharge, which included a waiver
option.  Petitioner checked the box indicating that he did not wish to
waive his right to petition for discharge.  A psychiatric examiner for
OMH attempted to interview petitioner, but he refused to meet with
her.  The expert issued a written evaluation, and the Commissioner
determined based on the report that petitioner was still a dangerous
sex offender in need of confinement.  The annual notice and waiver
form, the Commissioner's written determination, and the expert's
report were forwarded to Supreme Court, Oneida County.  The court
appointed an independent psychiatric examiner chosen by petitioner's
counsel, but petitioner refused to meet with him as well.  That expert
indicated that he was unable to prepare a report without having a
personal examination.  On the day scheduled for the annual review

hearing, petitioner did not appear.  The court confirmed with petitioner's counsel that petitioner was waiving the right to a hearing, and the court thereafter issued an order finding that petitioner is a dangerous sex offender in need of confinement.

Petitioner first contends that the court erred in denying his motion for a change of venue to New York County.  Contrary to respondents' contention, petitioner's appeal from the final order brings up for review the nonfinal order denying the motion for a change of venue because it "necessarily affects" the final order (CPLR 5501 [a] [1]; *see Matter of Aho*, 39 NY2d 241, 248; *Paul v Cooper* [appeal No. 2], 100 AD3d 1550, 1552).

We agree with respondents, however, that the motion was properly denied because the court did not have the authority to change venue in this proceeding seeking discharge under Mental Hygiene Law § 10.09. Section 10.09 does not include any provision for a change of venue, but section 10.08, which sets forth procedures for article 10 proceedings, provides as follows:  "At *any hearing or trial* pursuant to the provisions of this article, the court may change venue *of the trial* to any county for good cause, which may include considerations relating to the convenience of the parties or witnesses or the condition of the respondent" (§ 10.08 [e] [emphasis added]). Petitioner contends that venue may be changed for any hearing or trial in an article 10 proceeding, whereas respondents contend that venue may be changed only for a trial.  We agree with respondents.  The statute is not ambiguous, and it "clearly and distinctly" shows the legislative intent (McKinney's Cons Laws of NY, Book 1, Statutes § 76; *see* § 94).  The legislature made a distinction between the terms "hearing" and "trial" in the first phrase of the statute, but only included "trial" when discussing a change of venue.  The legislature's omission of the term "hearing" when discussing a change of venue does not render the statute ambiguous but, rather, such omission establishes the legislature's intent to restrict a change of venue to trials only.

Petitioner next contends that the court erred in finding that he waived his right to an annual review hearing.  Petitioner contends that, while he waived his right to be present at the hearing, he did not waive his right to the hearing itself.  Mental Hygiene Law § 10.09 (d) provides, in relevant part, that the court shall hold an evidentiary hearing as to the retention of the offender if it appears from the submissions under section 10.09 (c) "that the [offender] has petitioned, or has not affirmatively waived the right to petition, for discharge . . . ."  Section 10.09 (c) lists the materials that the Commissioner forwards to the court, including the notice and waiver form.  Here, as noted earlier, petitioner indicated on the annual notice with waiver form that he did not wish to waive his right to petition for discharge.  On the date scheduled for the hearing, however, petitioner did not appear, prompting the court to ask petitioner's counsel, "[H]e didn't want to come *and he doesn't want his hearing*?" (emphasis added).  Counsel responded, "Right."  Section 10.09 (d) specifically contemplates that an offender may waive the right to petition for discharge, and we conclude that, through

counsel, petitioner waived that right.

We reject petitioner's contention that he received ineffective assistance of counsel. "[B]ecause [a sex offender] is subject to civil confinement, the standard for determining whether effective assistance of counsel was provided in criminal matters is applicable here" (*Matter of State of New York v Carter*, 100 AD3d 1438, 1439). Based on our review of the record, we conclude that petitioner received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  May 3, 2013                    Frances E. Cafarell
                                         Clerk of the Court