# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**920**

**CA 12-01334**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF CHARLES BROOKS, CONSECUTIVE NO. 262223, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW § 10.09, PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DIVISION OF
PAROLE, RESPONDENTS-RESPONDENTS.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered June 13, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order continued the commitment of petitioner to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner was previously determined to be a dangerous sex offender requiring civil confinement and was committed to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.; Matter of State of New York v C.B.*, 88 AD3d 599, 599, *appeal dismissed and lv denied* 18 NY3d 905). Petitioner now appeals from an order continuing his confinement in a secure treatment facility (*see* § 10.09 [h]). We reject petitioner's contention that respondents failed to prove by clear and convincing evidence that he is a dangerous sex offender requiring continued confinement (*see Matter of Sincere KK. v State of New York*, 111 AD3d 1083, 1083-1084, *lv denied* 22 NY3d 862; *Matter of William II. v State of New York*, 110 AD3d 1282, 1283). To the extent that petitioner contends that respondents' expert witness improperly relied upon hearsay testimony, we conclude that Supreme Court is presumed to have properly given any hearsay statements limited legal significance in making its determination, and that any evidentiary error is harmless (*see Matter of State of New York v Mark S.*, 87 AD3d 73, 80, *lv denied* 17 NY3d 714).

As the First Department concluded on his appeal from the initial

determination under Mental Hygiene Law article 10, "there is no merit to [petitioner's] argument that he is entitled to release on the ground that his initial confinement under article 9 of the Mental Hygiene Law had been illegal" (*C.B.*, 88 AD3d at 599-600; *see People ex rel. Joseph II. v Superintendent of Southport Corr. Facility*, 15 NY3d 126, 133, *rearg denied* 15 NY3d 847).  Indeed, petitioner and others similarly situated challenged their confinement under article 9 in *State of New York ex rel. Harkavy v Consilvio* (7 NY3d 607; *see Matter of State of New York v C.B.*, 18 Misc 3d 1136[A], *1), and the Court of Appeals determined that the petitioners were not entitled to immediate release, but rather should be afforded the appropriate hearing (*see Harkavy*, 7 NY3d at 614; *see also State of N.Y. ex rel. Harkavy v Consilvio*, 8 NY3d 645, 651-652), which petitioner received here.

Contrary to petitioner's contention, the court properly denied his motion for a change of venue because the court did not have the authority to change venue in a hearing held pursuant to Mental Hygiene Law § 10.09 (*see Matter of Davis v State of New York*, 106 AD3d 1488, 1489, *lv granted* 22 NY3d 852).  In any event, petitioner failed to establish good cause for a change of venue inasmuch as he made only conclusory statements regarding the convenience of his witnesses (*see Matter of State of New York v Steinmetz*, 101 AD3d 1726, 1727).

We reject petitioner's further contention that the court erred in denying his request to substitute counsel or to proceed pro se. Petitioner failed to show good cause for substitution (*see People v Sides*, 75 NY2d 822, 824).  Assuming, arguendo, that petitioner had a right to self-representation (*see Matter of State of New York v Raul L.*, 120 AD3d 52, ___; *see also Matter of State of New York v Timothy BB.*, 113 AD3d 18, 21, *appeal dismissed and lv denied* 23 NY3d 941), we conclude that petitioner did not make an unequivocal request to proceed pro se (*see People v Gillian*, 8 NY3d 85, 88; *People v McIntyre*, 36 NY2d 10, 17).

Entered:  September 26, 2014                    Frances E. Cafarell
                                                Clerk of the Court