# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**58**

**CA 13-01275**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF RICHARD HOLMES, CONSECUTIVE NO. 185048, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered April 18, 2013 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, directed that petitioner shall continue to be committed to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In March 2009 petitioner was determined to be a dangerous sex offender in need of civil confinement (*see* Mental Hygiene Law § 10.07 [f]), and he is currently confined at the Central New York Psychiatric Center in Oneida County. Petitioner appeals from an order continuing his confinement in a secure treatment facility (§ 10.09 [h]). A subsequent order stayed all future annual review proceedings pending this appeal. Thus, contrary to respondents' contention, this appeal has not been rendered moot (*cf. Matter of Martinek v State of New York*, 108 AD3d 1048, 1049).

Contrary to petitioner's contention, we conclude that Supreme Court properly denied his motion to substitute counsel because "he made no good cause showing to warrant [the assignment of] substitute counsel" (*People v Walker*, 105 AD3d 1154, 1156, *lv denied* 21 NY3d 857; *see Matter of Brooks v State of New York*, 120 AD3d 1577, 1578-1579). Also contrary to petitioner's contention, we conclude that he waived

his right to an annual review hearing and thus was not entitled to an annual hearing.  Here, petitioner indicated on the annual written notice of the right to petition the court for discharge, which included a waiver option, that he did not wish to waive his right to petition for discharge (*see* Mental Hygiene Law § 10.09 [a]; *Matter of Davis v State of New York*, 106 AD3d 1488, 1488).  Nevertheless, petitioner responded "Yes, sir" when the court inquired of petitioner on the date scheduled for the hearing whether he was "willing to waive [his] right to a hearing or withdraw any requests for such a hearing." We therefore conclude that petitioner waived that right (*see* § 10.09 [d]; *Davis*, 106 AD3d at 1489-1490).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court