================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 13
In the Matter of Tyrone D.,
          Appellant,
        v.
State of New York, et al.,
          Respondents.

                 John A. Cirando, for appellant.
                 Laura Etlinger, for respondents.

LIPPMAN, Chief Judge:

          The primary issue presented by this appeal is whether

Mental Hygiene Law article 10 authorizes a motion for a change of

venue in an annual review hearing.  We hold that the statute does

allow venue to be changed in article 10 hearings upon an

appropriate showing of good cause.  However, since the motion at

- 1 -

issue failed to establish the requisite good cause, the requested change of venue was properly denied.

Petitioner Tyrone D. was adjudicated a dangerous sex offender in need of confinement to a secure treatment facility and was committed to Central New York Psychiatric Center in 2010. The following January, the Office of Mental Health (OMH) provided petitioner with notice of his annual right to petition for discharge under Mental Hygiene Law § 10.09 (a).  Petitioner checked the box on the form provided, indicating that he did "not wish to waive [his] right to petition for discharge" and commenced a proceeding in Oneida County seeking his discharge from confinement.

Petitioner moved to change venue for the annual review hearing from Oneida County to New York County, citing to Mental Hygiene Law § 10.08 (e) and CPLR 510.  In support of the motion, his counsel submitted an affirmation asserting that holding the hearing in Oneida County would make "it extremely inconvenient, burdensome and impossible for his family to travel there to appear at his hearing as their finances are limited and some family members have physical health issues."  Counsel further opined that most of the potential witnesses -- e.g., those who might need to testify about the potential local resources, including available treatment programs -- lived in the New York County area and that it would likewise be burdensome and inconvenient to require them to travel to Oneida County.

Finally, counsel submitted that a judge based in New York County would be "more attuned to the local situation" and better suited to making a determination regarding petitioner's status.  The affidavit did not identify any particular potential witness or provide the subject of any proposed testimony.

In opposition, the State argued that article 10 did not allow for a change of venue in annual review hearings.  The State also maintained that, assuming defendant was permitted to move for a change of venue, the motion in this case failed to satisfy the good cause requirement of Mental Hygiene Law § 10.08 (e).

Supreme Court denied the motion.  The court found that, although Mental Hygiene Law § 10.08 (e) did allow venue to be changed for annual review hearings, counsel's conclusory affirmation in support of the motion failed to establish the requisite good cause.

Petitioner then refused to be interviewed by OMH's psychiatric examiner, Trica Peterson, Ph.D., for the purpose of his annual psychiatric examination.  Based on a review of the available records, Peterson generated a report concluding that petitioner met the criteria for diagnoses of personality disorder, not otherwise specified with antisocial traits, and psychopathy, as well as a provisional diagnosis of sexual sadism. In Dr. Peterson's professional opinion, petitioner remained a dangerous sex offender in need of confinement.  Although the court also appointed an independent psychiatric examiner to

conduct an evaluation on petitioner's behalf, petitioner again refused to be interviewed. Thereupon, the psychologist declined to prepare a report. The Commissioner of OMH then issued a determination finding that petitioner was currently a dangerous sex offender in need of confinement.

On the date of the scheduled annual review hearing, petitioner was not present and his counsel advised the court that petitioner did not wish to appear. The court then asked, "[s]o, he didn't want to come and he doesn't want his hearing?", to which counsel responded, "[r]ight." The court inquired whether petitioner had signed anything to that effect and counsel indicated that she had "sent him a letter confirming that." The court then stated "Okay. Well, he doesn't want his review, that's his choice. So, I'll deem his nonappearance a waiver and state the representations he's made to support that way, accordingly." The hearing was then terminated.

Supreme Court subsequently issued an order finding that there was no substantial issue as to whether petitioner continued to have a mental abnormality predisposing him to commit sex offenses. The court further found that there was clear and convincing evidence that petitioner remained a dangerous sex offender in need of confinement to a secure treatment facility.

The Appellate Division affirmed (106 AD3d 1488 [4th Dept 2013]). The Court found that the nonfinal order denying the change of venue motion necessarily affected, and was reviewable

on appeal from, the final order (see CPLR 5501 [a] [1]).  The
Court then determined that Mental Hygiene Law § 10.09 authorized
a change of venue only for article 10 trials, not for hearings.
The Court found that petitioner had, through counsel, waived his
right to an annual review hearing and rejected his remaining
contentions as without merit.  We granted petitioner's motion for
leave to appeal, and now affirm.

We agree with the Appellate Division that, in these
unique circumstances, the nonfinal order denying petitioner's
motion for a change of venue necessarily affected the final order
and is therefore reviewable on this appeal.

Relating to venue, Mental Hygiene Law § 10.08 (e)
provides that "[a]t any hearing or trial pursuant to the
provisions of this article, the court may change the venue of the
trial to any county for good cause, which may include
considerations relating to the convenience of the parties or
witnesses or the condition of the respondent."  The State no
longer advocates the position it took earlier in this litigation
and now concedes that venue can be changed at either a hearing or
a trial under article 10, provided that the petitioner has
demonstrated good cause.  Although it is no longer incumbent upon
us to decide this issue, we agree that the better interpretation
of the statute is the one advocated by the parties.  The
construction of the provision is somewhat ambiguous, in that, if
the legislature intended to restrict a change of venue to article

10 trials, the reference to "any hearing or trial" would appear to be superfluous.  We see no need to read a restriction into the statute limiting annual review hearings solely to the few counties where secure treatment facilities are located.

However, petitioner failed to establish good cause for the change of venue.  As noted above, the statute provides that good cause "may include considerations relating to the convenience of the parties or witnesses or the condition of the respondent" (Mental Hygiene Law § 10.08 [e]).  The affidavit submitted in support of the motion did urge, generally, that it would be inconvenient and burdensome for unnamed family members and other potential witnesses to travel to Oneida County, but failed to identify a single witness that would testify on petitioner's behalf.  Nor did the affidavit set forth the subject of any proposed testimony -- let alone identify any information that would be potentially relevant to the issue of whether petitioner remained a dangerous sex offender in need of confinement.  Therefore, the motion for a change of venue was properly denied.

Petitioner further claims that he did not waive his annual review hearing by failing to appear.  The colloquy between Supreme Court and counsel on this issue was undeniably perfunctory, especially where, as here, petitioner had previously indicated, by checking the appropriate box on the notice and waiver form, that he did not intend to waive his hearing.  It is

conceivable that a petitioner could forgo his or her appearance at the hearing without waiving the hearing itself.  The court should, therefore, satisfy itself that a petitioner truly intends to waive the hearing (see e.g. Mental Hygiene Law § 10.09 [d]). Under the circumstances presented here, however, the court was entitled to rely upon counsel's representation that petitioner did not want his annual review hearing (see generally People v Flinn, 22 NY3d 599, 602 [2014] ["a lawyer may be trusted to explain rights to his or her client, and to report to the court the result of that discussion"]).

Petitioner's remaining contentions are without merit.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

* * * * * * * * * * * * * * * * *

Order affirmed, without costs.  Opinion by Chief Judge Lippman. Judges Read, Pigott, Rivera and Abdus-Salaam concur.  Judges Stein and Fahey took no part.

Decided February 12, 2015