■ In the Matter of ERNEST V., Appellant, v STATE OF NEW YORK, Respondent. [55 NYS3d 479]—

Egan Jr., J. Appeal from an order of the Supreme Court (Buchanan, J.), entered October 19, 2015 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, for his discharge from confinement at a secure treatment facility.

Petitioner was convicted of his first sex offense—sexual abuse in the first degree—in 1982; at the time of the underlying offense, petitioner was 15 years old and his victim was five years old. While that charge was pending, petitioner lured another five-year-old girl from her porch by offering to take her to a local park. Rather than going to the park, petitioner (then 17 years old) brought the child to his home and tied her—partially clothed and spread-eagle—to his bed. When law enforcement arrived, petitioner lowered the child by rope from his bedroom window to the ground below. As a result of this incident, petitioner pleaded guilty to kidnapping in the second degree and was sentenced to a prison term of 4 to 12 years. Petitioner was released to parole supervision in 1991 but, in 1994, he was charged with violating the conditions of his release by allegedly having sexual contact with a three-year-old child. Although criminal charges apparently were not pursued, petitioner was found to have violated parole and was returned to prison, where he was held to his maximum expiration date. Finally, in 2004, petitioner pleaded guilty to rape in the second degree and was sentenced to a prison term of 2 to 6 years. The victim in this most recent offense was petitioner's 12-year-old niece, whom he described as "mentally handicapped." In addition to the noted convictions, petitioner also admitted to sexually offending against an additional 25 to 30 victims—all of whom were five years old.

As petitioner's conditional release date for the rape conviction approached, respondent filed a petition under Mental Hygiene Law article 10—alleging that petitioner was a sex offender requiring civil management (see Mental Hygiene Law § 10.06 [a]). In response, petitioner admitted that he suffers from a mental abnormality and consented to a finding that he is a dangerous sex offender requiring confinement at a secure treatment facility. In February 2015, petitioner challenged his continued confinement (see Mental Hygiene Law § 10.09) and, following a hearing at which respondent's expert was the sole witness, Supreme Court (Demarest, J.) found that respondent established, by clear and convincing evidence, that petitioner remained a dangerous sex offender requiring confinement.

In July 2015, petitioner commenced the instant proceeding contending that a new determination was warranted—citing a

recent evaluation by his own expert, wherein the expert concluded that, while petitioner still suffered from a mental abnormality, he no longer was a dangerous sex offender requiring confinement and, instead, could be released into the community under strict and intense supervision and treatment. A hearing ensued in October 2015 and, at the conclusion thereof, Supreme Court (Buchanan, J.), by order entered October 19, 2015, dismissed petitioner's application, finding that petitioner was a dangerous sex offender requiring confinement. This appeal by petitioner ensued.

Shortly before oral argument of this appeal, we were advised that petitioner once again had challenged his confinement and that, following a hearing, Supreme Court (Farley, J.) rendered an order, dated February 17, 2017, finding that petitioner was a dangerous sex offender requiring confinement. Respondent now argues that the issuance of the February 2017 order continuing petitioner's confinement renders petitioner's challenge to the October 2015 order of confinement moot. We agree (*see Matter of Martinek v State of New York*, 108 AD3d 1048, 1049 [2013]). Unlike the petitioner in *Matter of State of New York v Michael M.* (24 NY3d 649 [2014]), petitioner's status here, i.e., confinement to a secure facility, did not change between—or as a result of—the October 2015 and February 2017 orders. Accordingly, petitioner's appeal from the October 2015 order has been rendered moot by the issuance of the subsequent February 2017 order (*compare id.* at 657). Petitioner does not argue that this matter falls within the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]) and, under the particular facts of this case, we discern no basis upon which to invoke such exception. Notably, petitioner could have avoided the mootness issue by "stay[ing] all future annual review proceedings pending this appeal" (*Matter of Holmes v State of New York*, 125 AD3d 1306, 1306 [2015]).

McCarthy, J.P., Garry, Rose and Mulvey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.