Matter of David G. v State of New York (2020 NY Slip Op 02571)





Matter of David G. v State of New York


2020 NY Slip Op 02571


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


393 CA 19-00719

[*1]OF DAVID G., CONSECUTIVE NO. 153078, FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT.






SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (BENJAMIN D. AGATA OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Gerald J. Popeo, A.J.), entered February 19, 2019 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, denied that part of the motion of petitioner seeking a change of venue. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, petitioner appeals from an order that, inter alia, denied that part of his motion seeking a change of venue to Suffolk County for the convenience of witnesses (see generally Matter of Tyrone D. v State of New York, 24 NY3d 661, 666 [2015]). We affirm.
Petitioner was previously determined to be a dangerous sex offender requiring confinement and was committed to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.), and he is currently confined at the Central New York Psychiatric Center in Oneida County. The court may change the venue of an annual review proceeding " to any county for good cause, which may include considerations relating to the convenience of the parties or witnesses or the condition of the [confined sex offender]' " (Tyrone D., 24 NY3d at 666, quoting § 10.08 [e]). "To establish good cause for a change of venue, the party seeking such relief must set forth specific facts sufficient to demonstrate a sound basis for the transfer . . . Conclusory statements unsupported by facts are insufficient to warrant a change of venue" (Matter of State of New York v Williams, 92 AD3d 1271, 1271-1272 [4th Dept 2012]). Here, petitioner failed to make a sufficient factual or evidentiary showing that a transfer was necessary for the convenience of the proposed witnesses (see id. at 1272).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court