# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 26
David M. Bonczar,
    Appellant,
     v.
American Multi-Cinema, Inc., &c.,
    Respondent.

John A. Collins, for appellant.
Josh H. Kardisch, for respondent.

MEMORANDUM:

The 2020 order of the Appellate Division should be affirmed, with costs.

Plaintiff David Bonczar was injured when he fell from a ladder while retrofitting a

fire alarm system working at a movie theater. After climbing up and down to the third or

- 1 -

fourth step of the ladder several times without issue, he began to descend a final time when the ladder shifted and wobbled. Plaintiff fell and was injured.

Plaintiff brought this action seeking damages against defendant for violating Labor Law § 240 (1) and moved for partial summary judgment as to that claim. Supreme Court granted partial summary judgment on the issue of section 240 (1) liability for plaintiff. The Appellate Division reversed, with two Justices dissenting, holding that plaintiff failed to show he was entitled to judgment as a matter of law (158 AD3d 1114, 1115 [4th Dept 2018]). The court held a factual issue existed as to whether a statutory violation had occurred and if plaintiff's own acts and omissions, particularly as to the ladder's positioning and plaintiff's failure to check the ladder's locking mechanisms, were the sole proximate cause of his injury (*id.*).

On remand, plaintiff's Labor Law § 240 (1) claim was tried to a jury. At the close of evidence, plaintiff moved for a directed verdict. The court reserved judgment and the jury returned a verdict for defendant, finding no violation of Labor Law § 240 (1) and that plaintiff's failure to position the ladder properly was the sole proximate cause of plaintiff's injuries. Supreme Court denied plaintiff's motion to set aside the verdict as against the weight of the evidence. The Appellate Division unanimously affirmed the judgment in defendant's favor entered upon the verdict (185 AD3d 1423 [4th Dept 2020]). We granted plaintiff leave to appeal (*see* CPLR 5602 [a] [1] [i]).

Plaintiff seeks review of both the 2018 Appellate Division order denying him partial summary judgment and the 2020 Appellate Division order affirming the judgment entered upon the jury verdict.

The 2018 Appellate Division order may be reviewed on appeal from a final paper only if, pursuant to CPLR 5501 (a), the nonfinal order "necessarily affects" the final judgment. "It is difficult to distill a rule of general applicability regarding the 'necessarily affects' requirement" (*Siegmund Strauss, Inc. v East 149th Realty Corp.*, 20 NY3d 37, 41-42 [2012]) and "[w]e have never attempted, and we do not now attempt, a generally applicable definition" (*Oakes v Patel*, 20 NY3d 633, 644 [2013]). That said, to determine whether a nonfinal order "necessarily affects" the final judgment, in cases where the prior order "str[uck] at the foundation on which the final judgment was predicated" we have inquired whether "reversal would inescapably have led to a vacatur of the judgment" (*see Matter of Aho*, 39 NY2d 241, 248 [1976]; *see also Matter of Tyrone D. v State of New York*, 24 NY3d 661, 666 [2015]; Arthur Karger, Powers of the New York Court of Appeals § 9:5, at 300 [3d ed rev 2005]). This is not such a case. In other cases, we have asked whether the nonfinal order "necessarily removed [a] legal issue from the case" so that "there was no further opportunity during the litigation to raise the question decided by the prior non-final order" (*Siegmund Strauss, Inc.*, 20 NY3d at 41; *see also Oakes*, 20 NY3d at 644-645).

In resolving plaintiff's summary judgment motion, the Appellate Division held that factual questions existed as to whether a statutory violation occurred and as to proximate

cause, or more specifically as to whether plaintiff's own acts or omissions were the sole proximate cause of the accident (*Bonczar*, 158 AD3d at 1115). That nonfinal order did not remove any issues from the case. Rather, the question of proximate cause and liability was left undecided. The parties had further opportunity to litigate those issues and in fact did so during the jury trial.[1] Accordingly, the Appellate Division order denying summary judgment did not necessarily affect the final judgment and thus, this Court cannot review the 2018 Appellate Division order (*see Kountz v State Univ. of N.Y.*, 58 NY2d 747 [1982]).[2]

The judgment was properly affirmed. A rational trier of fact could have found in defendant's favor on the Labor Law § 240 (1) claim (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The 2020 order of the Appellate Division affirmed, with costs, in a memorandum.
Chief Judge DiFiore and Judges Rivera, Garcia, Wilson, Singas and Cannataro concur.
Judge Troutman took no part.

Decided April 28, 2022

---

[1] Both parties additionally submitted evidence beyond that on the record at the time of the summary judgment motion.

[2] Accordingly, no appeal lies pursuant to CPLR 5601 (d) and, on the appeal properly before the Court pursuant to CPLR 5602 (a) from the final 2020 Appellate Division order, we do not review the nonfinal 2018 Appellate Division order.