■ In the Matter of STATE OF NEW YORK, Respondent, v I.M., Appellant. [996 NYS2d 527]—

Order, Supreme Court, New York County (Cassandra M. Mullen, J.), entered on or about September 20, 2013, which, upon a jury verdict that respondent is a detained sex offender who suffers from a mental abnormality, directed that respondent be committed to a secure treatment facility, unanimously reversed, on the law, without costs, and the petition dismissed.

"[A] civil commitment under Mental Hygiene Law article 10 may [not] be based solely on a diagnosis of ASPD [anti-social personality disorder], together with evidence of sexual crimes" (*Matter of State of New York v Donald DD.*, 24 NY3d 174 [2014]). Since ASPD is the sole diagnosis underlying the jury's finding of mental abnormality (Mental Hygiene Law § 10.03 [i]), the verdict is not supported by legally sufficient evidence, and the petition must be dismissed. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.

---

Motion to amend caption granted.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIE SMITH, Appellant. [996 NYS2d 528]—Judgment of resentence, Supreme Court, Bronx County (Richard Lee Price, J.), rendered February 27, 2012, resentencing defendant to a term of 18 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]), and we perceive no basis for reducing the term imposed. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.