# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**929.1**

**CA 14-00646**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF KENNETH GROVES, CONSECUTIVE NO. 166237, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW § 10.09, PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(MICHAEL H. MCCORMICK OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered March 28, 2014. The order determined that petitioner is currently not a sex offender requiring civil management pursuant to Mental Hygiene Law article 10 and directed the discharge of petitioner from the custody of the Office of Mental Health.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondents appeal from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), that determined that petitioner does not currently suffer from a mental abnormality under Mental Hygiene Law § 10.03 (i) and directed his unconditional discharge from the custody of the Office of Mental Health (*see* § 10.09 [h]). We affirm.

We agree with petitioner that on this record Supreme Court properly determined that respondents failed to establish by clear and convincing evidence that petitioner currently suffers from a "mental abnormality" (*see* Mental Hygiene Law § 10.09 [h]). Moreover, although both experts diagnosed petitioner with antisocial personality disorder, that diagnosis is insufficient, as a matter of law, to support a "mental abnormality" finding (*see Matter of State of New York v Donald DD.*, 24 NY3d 174, 190). We reject respondents' contention that the jury determination that petitioner suffered from a

"mental abnormality" in 2008 precludes any subsequent review of that issue (see § 10.07 [d]; see generally People ex rel. Leonard HH. v Nixon, 148 AD2d 75, 79).  The annual review proceeding conducted here specifically requires that every person civilly committed under Mental Hygiene Law article 10 "shall have an examination for evaluation of his or her mental condition made at least once every year" (§ 10.09 [b]).  Indeed, as part of each annual review, a psychiatric examiner is required to report to the Commissioner of Mental Health whether such person "is currently a dangerous sex offender requiring confinement" (id. [emphasis added]).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court