■ In the Matter of STATE OF NEW YORK, Respondent, v ODELL A., Appellant. [18 NYS3d 350]—In a proceeding pursuant to Mental Hygiene Law article 10, Odell A., a sex offender allegedly suffering from a mental abnormality and requiring civil management, appeals from an order of the Supreme Court, Nassau County (Calabrese, J.), entered February 19, 2013, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is reversed, on the law, without costs or disbursements, the finding of mental abnormality is set aside, and the petition is dismissed.

A diagnosis of anti-social personality disorder (hereinafter ASPD) "has so little relevance to the controlling legal criteria of Mental Hygiene Law § 10.03 (i) that it cannot be relied upon to show mental abnormality for [Mental Hygiene Law] article 10 purposes" (*Matter of State of New York v Donald DD.*, 24 NY3d 174, 190 [2014]). Since ASPD was the sole diagnosis underlying the jury's finding that the appellant suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), the finding was not supported by legally sufficient evidence, and the petition must be dismissed (*see Matter of State of New York v Donald DD.*, 24 NY3d at 191; *Matter of Groves v State of New York*, 124 AD3d 1213, 1214 [2015]; *Matter of State of New York v I.M.*, 123 AD3d 464 [2014]).

In light of our determination, we need not address the appellant's remaining contentions. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.