Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered September 5, 2014 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, directed that petitioner shall continue to be committed to a secure treatment facility.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he currently suffers from a mental abnormality as defined by section 10.03 (i) and directing that petitioner continue to be confined to a secure treatment facility (see § 10.09 [h]). In appeal No. 2, petitioner appeals from an order, which, among other things, denied petitioner’s motion pursuant to CPLR 5015 (a) to vacate the order that is the subject of appeal No. 1. We affirm in both appeals.
We reject petitioner’s contention that the evidence is not legally sufficient to show “a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense” (Mental Hygiene Law § 10.03 [i]). Although it is well established that a diagnosis of antisocial personality disorder (ASPD) is, by itself, “insufficient, as a matter of law, to support a ‘mental abnormality’ finding” (Matter of Groves v State of New York, 124 AD3d 1213, 1214 [2015]), here, both respondents’ expert and petitioner’s expert agreed that petitioner had a mental abnormality — specifically, that petitioner had diagnoses of ASPD, alcohol and cocaine dependency, and psychopathic traits along with a history of sexual preoccupation. Moreover, respondents’ expert indicated that petitioner exhibited “sexually sadistic behavioral indicators.” Considering the evidence in the light most favorable to respondents (see *1609 Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]), we conclude that there is sufficient evidence of petitioner’s diagnosis of ASPD, along with sufficient evidence of other diagnoses and/or conditions, to sustain a finding of mental abnormality (see Mental Hygiene Law § 10.03 [i]; Matter of State of New York v Williams, 139 AD3d 1375 [2016]; Matter of State of New York v Ian I., 127 AD3d 766, 767-768 [2015]).
Petitioner failed to preserve for our review his contention that the evidence is not legally sufficient to establish that he has serious difficulty in controlling or an inability to control his sexual misconduct inasmuch as he did not move for a directed verdict pursuant to CPLR 4401 or challenge the sufficiency of the evidence on those points in any other way (see Matter of State of New York v David S., 136 AD3d 445, 447 [2016]). In any event, upon our review of the record, we conclude that respondents established by the requisite clear and convincing evidence that petitioner “suffer [s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility” (Mental Hygiene Law § 10.03 [e]; see Matter of State of New York v Floyd Y., 135 AD3d 70, 72-75 [2015]; Matter of State of New York v Richard TT., 132 AD3d 72, 76-78 [2015], affd — NY3d —, 2016 NY Slip Op 05330 [July 5, 2016]).
We reject petitioner’s further contention that the determination is against the weight of the evidence. Supreme Court “was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented . . . , and we see no reason to disturb the court’s decision to credit the testimony of [respondents’] expert[ ]” (Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [2015], lv denied 25 NY3d 911 [2015] [internal quotation marks omitted]).
Finally, petitioner contends that he is entitled to a new hearing because the court violated his due process rights when it rejected his request to remove his shackles and then failed to provide a reasonable justification for the same. Although the court erred in failing to provide a “ ‘particularized reason for [restraining petitioner] on the record’ ” (People v Ashline, 124 AD3d 1258, 1259 [2015]), we conclude that the error is “harmless beyond a reasonable doubt because the error did not contribute” to the determination herein (People v Campbell, 106 AD3d 1507, 1509 [2013], lv denied 21 NY3d 1002 [2013] [internal quotation marks omitted]).
Present — Centra, J.P., Carni, DeJoseph, Curran and Scudder, JJ.