# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**904**

**CA 15-00868**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF MELVIN WALLS, CONSECUTIVE NO. 76930, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(PATRICK T. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Joseph E. Fahey, A.J.), entered April 29, 2015 in a proceeding pursuant to Mental Hygiene Law article 10. The order denied the motion of petitioner to vacate an order for continued confinement.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: By order entered in December 2013, Supreme Court determined after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d) that petitioner is currently a dangerous sex offender requiring confinement. The court continued petitioner's confinement in a secure treatment facility. Following the decision of the Court of Appeals in *Matter of State of New York v Donald DD.* (24 NY3d 174), petitioner's counsel moved to vacate the above order pursuant to CPLR 5015 (a), contending that the evidence submitted during the annual review hearing is not legally sufficient to support a finding that petitioner suffers from a mental abnormality. The court denied the motion. We affirm.

We conclude that the court did not abuse its discretion in denying petitioner's CPLR 5015 (a) motion (*see Matter of State of New York v Richard TT.*, 132 AD3d 72, 75, *affd* 27 NY3d 718). Contrary to petitioner's contention, the evidence is legally sufficient to establish that he has "a congenital or acquired condition, disease or

disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense" (Mental Hygiene Law § 10.03 [i]).  Here, respondents' expert testified that petitioner has such a predisposing condition based on diagnoses of personality disorder, not otherwise specified, with antisocial traits, combined with cocaine and alcohol abuse.  Respondents' expert also stated that petitioner exhibited behavior markers of an abnormal sexual interest in nonconsensual sexual behavior.  In view of the foregoing, and considering the evidence in the light most favorable to respondents (*see Matter of State of New York v John S.*, 23 NY3d 326, 348, *rearg denied* 24 NY3d 933), we conclude that there is legally sufficient evidence in the record to sustain a finding of mental abnormality (*see* § 10.03 [i]; *Matter of State of New York v Dennis K.*, 27 NY3d 718, 749-750; *Matter of State of New York v Charada T.*, 23 NY3d 355, 359, 362; *Matter of Vega v State of New York*, 140 AD3d 1608, 1608-1609; *Matter of State of New York v Williams*, 139 AD3d 1375, 1377).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court