# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**966**
**CA 15-00867**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF DEREK GOODING, CONSECUTIVE NO. 195871, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

                 V                                 MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH, AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(PATRICK T. CHAMBERLAIN OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Joseph
E. Fahey, A.J.), entered April 29, 2015 in a proceeding pursuant to
Mental Hygiene Law article 10. The order denied the motion of
petitioner to vacate an order for continued confinement.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order denying his motion
pursuant to CPLR 5015 (a) seeking to vacate an order entered pursuant
to Mental Hygiene Law § 10.09 (d), which sets forth that petitioner
currently suffers from a mental abnormality as defined by section
10.03 (i) and directs that petitioner continue to be confined to a
secure treatment facility (*see* § 10.09 [h]).

We reject petitioner's contention that Supreme Court erred in
denying the motion. Petitioner sought vacatur of the order on the
ground that the evidence is not legally sufficient to show "a
congenital or acquired condition, disease or disorder that affects the
emotional, cognitive, or volitional capacity of a person in a manner
that predisposes him or her to the commission of conduct constituting
a sex offense" (Mental Hygiene Law § 10.03 [i]). Although it is well
established that a diagnosis of antisocial personality disorder (ASPD)
is, by itself, "insufficient, as a matter of law, to support a 'mental
abnormality' finding" (*Matter of Groves v State of New York*, 124 AD3d

1213, 1214), here, the court's determination that petitioner suffered from a mental abnormality was not based solely on a diagnosis of ASPD. Contrary to petitioner's contention, the court based its determination upon the opinion of respondents' expert that petitioner had diagnoses of personality disorder, not otherwise specified (NOS), with antisocial traits, alcohol and cocaine dependency, and a history of sexual preoccupation. Moreover, respondents' expert indicated that petitioner exhibited two "behavioral indicators" of sexual sadism. Considering the evidence in the light most favorable to respondents (*see Matter of State of New York v John S.*, 23 NY3d 326, 348, *rearg denied* 24 NY3d 933), we conclude that there is sufficient evidence of petitioner's diagnosis of personality disorder NOS with antisocial traits, along with sufficient evidence of other diagnoses and/or conditions, to sustain a finding of mental abnormality (*see* § 10.03 [i]; *Matter of Vega v State of New York*, 140 AD3d 1608, 1608-1609; *Matter of State of New York v Williams*, 139 AD3d 1375, 1377-1378).

Entered:   November 18, 2016                    Frances E. Cafarell
                                                Clerk of the Court