■ In the Matter of the STATE OF NEW YORK, Respondent, v C.B., Appellant. [46 NYS3d 781]—

Order, Supreme Court, Bronx County (Michael A. Gross, J.), entered May 22, 2015, which denied respondent C.B.'s (respondent) pro se motion to vacate an order, same court (Dineen A. Riviezzo, J.), entered August 24, 2009, which, upon a jury finding of mental abnormality, and a determination made after a dispositional hearing that respondent is a dangerous sex offender requiring confinement, committed respondent to a secure facility, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 18, 2015, which, upon reargument of the motion to vacate, adhered to the original determination, unanimously dismissed, without costs, as academic.

The motion court properly found that respondent is not entitled to vacatur of the dispositional order directing his confinement pursuant to the Sex Offender Management and

Treatment Act (SOMTA). Respondent's challenges to that order, including those based on the subsequent decision in *Matter of State of New York v Donald DD.* (24 NY3d 174 [2014]), do not constitute grounds for vacating an order pursuant to CPLR 5015 (a). Moreover, the motion court providently exercised its discretion in declining to exercise its common-law power to vacate its own order (*see Pjetri v New York City Health & Hosps. Corp.*, 169 AD2d 100, 103 [1st Dept 1991], *lv dismissed* 79 NY2d 915 [1992]), given that respondent had already exhausted his appeals from that order (*id.; see* 88 AD3d 599 [1st Dept 2011]) and that provisions of SOMTA provide a more appropriate remedy for any of respondent's substantive claims (*see* Mental Hygiene Law § 10.09 [b], [d], [g]). Accordingly, respondent's claim that he was deprived of his right to counsel on the motion to vacate is unavailing (*see People v Caban*, 5 NY3d 143, 152 [2005]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz and Kapnick, JJ.