# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**459**
**CA 15-01713**
PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION OF STATE OF
NEW YORK, PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

WILLIAM D., AN INMATE IN CUSTODY OF THE NEW
YORK STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, FOR CIVIL MANAGEMENT
PURSUANT TO ARTICLE 10 OF THE MENTAL HYGIENE
LAW, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(MICHAEL H. MCCORMICK OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County
(James C. Tormey, J.), entered August 26, 2015 in a proceeding
pursuant to Mental Hygiene Law article 10.  The order, among other
things, denied respondent's motion to vacate an order dated January
14, 2015.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order denying his motion
to vacate an order pursuant to CPLR 5015 (a) or, alternatively,
pursuant to Supreme Court's inherent power to vacate its own orders.
We note at the outset that respondent's attorney acknowledged in his
supporting affirmation that relief is not available under any of the
grounds set forth in CPLR 5015 (a), and thus respondent relies only
upon the court's inherent power to vacate its own orders.

The underlying order, entered pursuant to Mental Hygiene Law
article 10, sets forth that respondent currently suffers from a mental
abnormality as defined by Mental Hygiene Law § 10.03 (i) and directs
that he be confined to a secure treatment facility (*see* § 10.09 [f]).
Respondent did not appeal from the underlying order.  Contrary to
respondent's contention, we conclude that the court properly denied
his motion.  Respondent sought vacatur of the underlying order on the
ground that the evidence presented at the jury trial was not legally
sufficient to show "a congenital or acquired condition, disease or
disorder that affects the emotional, cognitive, or volitional capacity

of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense" (§ 10.03 [i]; *see generally Matter of State of New York v Donald DD.*, 24 NY3d 174, 190-191). Although it is well settled that "a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68), under the circumstances of this case we cannot say that the court abused its discretion in denying his motion for discretionary vacatur. Respondent's confinement is subject to annual review pursuant to Mental Hygiene Law § 10.09 (b) (*see generally Matter of Groves v State of New York*, 124 AD3d 1213, 1214), and he may petition for discharge or release under a regimen of strict and intensive supervision pursuant to Mental Hygiene Law § 10.09 (f).  In our view, those provisions "provide a more appropriate remedy for any of respondent's substantive claims" (*Matter of State of New York v C.B.*, 147 AD3d 499, 500).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court