# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**449**

**CA 16-00451**

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF CHRISTOPHER J., CONSECUTIVE NO. 545846,
FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT
TO MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (GIGI
E. MYERS OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Louis
P. Gigliotti, A.J.), entered January 29, 2016 in a proceeding pursuant
to Mental Hygiene Law article 10. The order, among other things,
adjudged that petitioner is a sex offender who suffers from a mental
abnormality and that petitioner be placed on strict and intensive
supervision and treatment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order pursuant to Mental
Hygiene Law article 10 in which Supreme Court determined, following a
nonjury trial, that he has a mental abnormality that predisposes him
to committing sex offenses (*see* § 10.03 [i]) and that he is a sex
offender requiring strict and intensive supervision. Contrary to
petitioner's contention, we conclude that the evidence is legally
sufficient to support the court's determination that he has a mental
abnormality within the meaning of Mental Hygiene Law § 10.03 (i).
Respondents' expert psychologist "presented '[a ] detailed
psychological portrait' that enabled [her] to determine the level of
control [petitioner] had over his conduct" (*Matter of State of New
York v Dennis K.*, 27 NY3d 718, 734, *cert denied* ___ US ___, 137 S Ct
579, quoting *Matter of State of New York v Donald DD.*, 24 NY3d 174,
188). That portrait included petitioner's diagnoses of pedophilic
disorder and personality disorder with antisocial and narcissistic

traits, which in combination created "the perfect storm" that predisposes petitioner to commit sexual offenses and causes him difficulty in controlling his pedophilic urges. In addition, respondents' expert relied upon petitioner's "prolific offending history" to support her conclusion that petitioner has serious difficulty in controlling his sexual conduct. Respondents thereby sustained their burden of establishing by clear and convincing evidence that petitioner suffers from "a congenital or acquired condition, disease or disorder that affects [his] emotional, cognitive, or volitional capacity . . . in a manner that predisposes him . . . to the commission of conduct constituting a sex offense and that results in [him] having serious difficulty in controlling such conduct" (§ 10.03 [i]; *see Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1473, *lv denied* 17 NY3d 702).

We further conclude that the court's determination that petitioner suffers from a mental abnormality within the meaning of the statute is not against the weight of the evidence. The testimony of petitioner's expert that petitioner demonstrated control over his offending behavior by exhibiting patience in his pattern of grooming his child victims and their adult caretakers raised a credibility issue that the court was entitled to resolve against him. The court's determination is entitled to great deference, given the court's "opportunity to evaluate the weight and credibility of conflicting expert testimony" (*Matter of State of New York v Chrisman*, 75 AD3d 1057, 1058).

Entered: April 28, 2017                    Frances E. Cafarell
                                           Clerk of the Court