Matter of State of New York v Steven M. (2018 NY Slip Op 01784)





Matter of State of New York v Steven M.


2018 NY Slip Op 01784


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


308 CA 16-01351

[*1]IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
STEVEN M., JR., RESPONDENT-APPELLANT. 






THE SAGE LAW FIRM GROUP, PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR RESPONDENT-APPELLANT.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cattaraugus County (John L. Michalski, A.J.), entered May 4, 2016 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking a determination that respondent is a sex offender requiring civil management (see Mental Hygiene Law § 10.01 et seq.). Following a nonjury trial, Supreme Court determined that respondent is a detained sex offender who suffers from a mental abnormality (see § 10.07 [d]). The matter proceeded to a dispositional hearing, after which the court issued an order determining that respondent is a dangerous sex offender requiring confinement and committing him to a secure treatment facility (see § 10.07 [f]).
Contrary to respondent's contention, we conclude that the evidence is legally sufficient to establish that he suffers from "a congenital or acquired condition, disease or disorder that affects [his] emotional, cognitive, or volitional capacity . . . in a manner that predisposes him . . . to the commission of conduct constituting a sex offense" (Mental Hygiene Law § 10.03 [i]). One of petitioner's experts testified that respondent has a provisional diagnosis of pedophilia because he satisfies the diagnostic criteria for early onset pedophilia, and also has diagnoses of alcohol dependence, cannabis abuse, and antisocial personality disorder (ASPD). In addition, petitioner's other expert testified that, although most persons who are diagnosed with ASPD never commit a sex offense, respondent is atypical because of his sexual preoccupation, which causes him to channel his antisocial behaviors into conduct constituting sex offenses. Considering the evidence in the light most favorable to petitioner, we conclude that the evidence is legally sufficient to sustain the finding of mental abnormality (see Matter of Gooding v State of New York, 144 AD3d 1644, 1644-1645 [4th Dept 2016]; Matter of Vega v State of New York, 140 AD3d 1608, 1608-1609 [4th Dept 2016]).
Respondent failed to preserve for our review his contention that the evidence is legally insufficient to establish that he has serious difficulty in controlling his sexual misconduct inasmuch as he did not move for a directed verdict pursuant to CPLR 4401 or otherwise challenge the sufficiency of the evidence on that point (see Vega, 140 AD3d at 1609). In any event, the contention lacks merit.
Finally, we conclude that the determination is not against the weight of the evidence. The conflicting testimony of respondent's and petitioner's experts presented a credibility issue for the [*2]court to resolve, and we decline to disturb the court's determination in that regard (see Matter of Christopher J. v State of New York, 149 AD3d 1549, 1551 [4th Dept 2017]; Vega, 140 AD3d at 1609).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court