Matter of State of New York v Orlando T. (2020 NY Slip Op 03339)





Matter of State of New York v Orlando T.


2020 NY Slip Op 03339


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


535 CA 19-00751

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
ORLANDO T., RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT PURSUANT TO ARTICLE 10 OF THE MENTAL HYGIENE LAW. 






SARAH M. FALLON, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, SYRACUSE (EMILY M. NORTH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered February 21, 2019 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a nonjury trial, that he is a detained sex offender who has a mental abnormality (see §§ 10.03 [g], [i]; 10.07 [d]) and determining, following a dispositional hearing, that he is a dangerous sex offender requiring confinement in a secure treatment facility (see §§ 10.03 [e]; 10.07 [f]). We affirm.
Contrary to respondent's contention, we conclude that Supreme Court's determination that he suffers from a mental abnormality within the meaning of the statute is not against the weight of the evidence. Here, "the evidence presented by respondent that conflicted with that presented by petitioner merely raised a credibility issue for the court to resolve, and its determination is entitled to great deference given its opportunity to evaluate [first-hand] the weight and credibility of [the] conflicting expert [opinions]' " (Matter of State of New York v Stein, 85 AD3d 1646, 1647 [4th Dept 2011], affd 20 NY3d 99 [2012], cert denied 568 US 1216 [2013]). Upon our review of the record, we conclude that the evidence does not preponderate so greatly in respondent's favor that the court could not have reached its conclusion on any fair interpretation of the evidence (see id.; see also Matter of State of New York v Trombley, 98 AD3d 1300, 1301 [4th Dept 2012], lv denied 20 NY3d 856 [2013]; Matter of State of New York v Timothy EE., 97 AD3d 996, 996-998 [3d Dept 2012]).
Contrary to respondent's further contention, we conclude that the court's determination that he requires confinement is not against the weight of the evidence. Here, "[t]he court was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented' " (Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]), and we see no reason to disturb the court's decision to credit the testimony of petitioner's expert (see Trombley, 98 AD3d at 1301).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court