Matter of Brandon D. v State of New York (2021 NY Slip Op 03774)





Matter of Brandon D. v State of New York


2021 NY Slip Op 03774


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1032 CA 19-01889

[*1]In the Matter of the Application of DISCHARGE OF BRANDON D., FROM CENTRAL NEW YORK PSYCHIATRIC CENTER, PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 






KEVIN WILSON, ACTING DIRECTOR, MENTAL HYGIENCE LEGAL SERVICE, UTICA (MICHAEL H. MCCORMICK OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered September 10, 2019 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, continued petitioner's commitment to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order of County Court, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We affirm.
We reject petitioner's contention that the evidence is legally insufficient to establish that he is a dangerous sex offender requiring confinement. Pursuant to the Mental Hygiene Law, a person may be found to be a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control [his or her] behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). The Mental Hygiene Law defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]).
Petitioner contends that the evidence is legally insufficient to prove that he had a mental abnormality because he was diagnosed with sexual sadism disorder only provisionally and the remaining diagnoses of ASPD, psychopathy and various substance use disorders are insufficient to support a finding that he is predisposed to sexually offend. Viewing the evidence in the light most favorable to respondent (see Matter of State of New York v John S., 23 NY3d 326, 348 [2014], rearg denied 24 NY3d 933 [2014]), we conclude that it is legally sufficient to establish by clear and convincing evidence that petitioner suffers from a mental abnormality as that term is defined by the Mental Hygiene Law (see Matter of Vega v State of New York, 140 AD3d 1608, 1608-1609 [4th Dept 2016]). To meet the statutory definition of mental abnormality, "not only must the State establish by clear and convincing evidence the existence of a predicate 'condition, disease or disorder,' it must also link that 'condition, disease or disorder' to a person's predisposition to commit conduct constituting a sex offense and to that person's 'serious [*2]difficulty in controlling such conduct' " (Matter of State of New York v Dennis K., 27 NY3d 718, 726 [2016], cert denied — US &mdash, 137 S Ct 579 [2016]).
Although petitioner's diagnoses, alone, are insufficient to support a finding of mental abnormality that would predispose a person to commit sex offenses (see Matter of State of New York v Donald DD., 24 NY3d 174, 190 [2014]; Matter of Groves v State of New York, 124 AD3d 1213, 1214 [4th Dept 2015]), both petitioner's expert and respondent's expert also opined that petitioner exhibited psychopathic traits, and respondent's expert opined that petitioner exhibited at least five behavioral traits of sexual sadism. As a result, respondent's expert rendered a provisional diagnosis of sexual sadism disorder.
Petitioner correctly concedes that a provisional diagnosis in combination with other diagnoses can constitute legally sufficient evidence of a mental abnormality (see Matter of State of New York v Steven M., 159 AD3d 1421, 1422 [4th Dept 2018], lv denied 31 NY3d 913 [2018]; Matter of State of New York v Derrick B., 68 AD3d 1124, 1126 [2d Dept 2009]), but he contends that, inasmuch as neither expert was able to conclude to a reasonable degree of medical certainty that he actually suffered from sexual sadism, there is insufficient evidence that he suffers from a mental abnormality. We reject that contention. Inasmuch as the provisional diagnosis of sexual sadism disorder is supported by the record, we conclude that there is "sufficient evidence of petitioner's diagnosis of ASPD, along with sufficient evidence of other diagnoses and/or conditions, to sustain a finding of mental abnormality" (Vega, 140 AD3d at 1609; see Matter of Gooding v State of New York, 144 AD3d 1644, 1645 [4th Dept 2016]).
We further conclude that the determination that petitioner has such a mental abnormality is based on a fair interpretation of the evidence and, as a result, is not against the weight of the evidence (see Matter of State of New York v Orlando T., 184 AD3d 1149, 1149 [4th Dept 2020]; Matter of State of New York v Gierszewski, 81 AD3d 1473, 1474 [4th Dept 2011], lv denied 17 NY3d 702 [2011]). The court, "as the trier of fact, was in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented" (Matter of State of New York v Gooding, 104 AD3d 1282, 1282 [4th Dept 2013], lv denied 21 NY3d 862 [2013] [internal quotation marks omitted]; see Matter of State of New York v Scholtisek, 145 AD3d 1603, 1605 [4th Dept 2016]), and we see "no basis to disturb [the court's] decision to credit the testimony of [respondent's] expert over that of [petitioner's] expert" (Gooding, 104 AD3d at 1282; see Matter of Edward T. v State of New York, 185 AD3d 1423, 1425 [4th Dept 2020]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court