Matter of Joseph S. v State of New York (2022 NY Slip Op 05462)

Matter of Joseph S. v State of New York

2022 NY Slip Op 05462

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

714 CA 21-00258

[*1]OF JOSEPH S., FROM CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO MENTAL HYGIENE LAW SECTION 10.09, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 

PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

 Appeal from an order of the Oneida County Court (Gregory J. Amoroso, A.J.), entered April 29, 2020 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued petitioner's commitment to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order determining, inter alia, that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10. While this appeal was pending, and based on subsequent orders releasing petitioner to a regimen of strict and intensive supervision and treatment, petitioner withdrew his contention on appeal that respondents failed to establish by clear and convincing evidence that he had such an inability to control his behavior that he was likely to commit sex offenses if not confined to a secure treatment facility. With regard to petitioner's remaining contention on appeal, we affirm for reasons stated in that part of County Court's decision and order determining that petitioner suffers from a mental abnormality. We add only that the subsequent orders do not render the remaining issue on appeal moot (see Mental Hygiene Law § 10.09 [b]; see generally Matter of Groves v State of New York, 124 AD3d 1213, 1213 [4th Dept 2015]). 
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court