Matter of Nushawn W. v State of New York (2023 NY Slip Op 02200)

Matter of Nushawn W. v State of New York

2023 NY Slip Op 02200

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

61 CA 21-01174

[*1]IN THE MATTER OF NUSHAWN W., ALSO KNOWN AS SHYTEEK J., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), dated July 15, 2021 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We affirm.
Petitioner first contends that Supreme Court erred in denying his motion for a change of venue to New York County. Contrary to respondents' assertion, petitioner's appeal from the final order brings up for review the nonfinal order denying the motion for a change of venue because it "necessarily affect[s] the final order" (Matter of Tyrone D. v State of New York, 24 NY3d 661, 666 [2015]; see Matter of Aho, 39 NY2d 241, 248 [1976]). We nonetheless conclude that the court did not abuse its discretion in denying the motion (see Matter of David G. v State of New York, 183 AD3d 1249, 1250 [4th Dept 2020]; Matter of State of New York v Williams, 92 AD3d 1271, 1272 [4th Dept 2012]; see generally Mental Hygiene Law § 10.08 [e]).
Petitioner further contends that the evidence is legally insufficient to establish that he is a dangerous sex offender requiring confinement. Assuming, arguendo, that petitioner preserved that contention for our review (see generally Matter of State of New York v Peters, 144 AD3d 1654, 1654 [4th Dept 2016]), we conclude that it is without merit.
At an annual review hearing, the State has the burden to prove, by clear and convincing evidence, that the individual who is the subject of the hearing is currently a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.09 [d], [h]). A person may be found to be a dangerous sex offender requiring confinement if that person "suffer[s] from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control [their] behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]). A mental abnormality is "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes [them] to the [*2]commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]).
Here, viewing the evidence in the light most favorable to respondents (see Matter of Gooding v State of New York, 144 AD3d 1644, 1645 [4th Dept 2016]), we conclude that it is legally sufficient to establish by clear and convincing evidence the "predisposition prong of the mental abnormality test" (Matter of Edward T. v State of New York, 185 AD3d 1423, 1424 [4th Dept 2020] [internal quotation marks omitted]; see Matter of Vega v State of New York, 140 AD3d 1608, 1609 [4th Dept 2016]). Following a review of previous psychological reports and an in-person interview of petitioner, respondents' expert diagnosed petitioner with antisocial personality disorder, three substance use disorders, psychopathy, and hypersexuality, which, when viewed in combination, predisposed petitioner to commit sex offenses and were sufficiently connected to his sex offending behavior (see Edward T., 185 AD3d at 1424-1425; Peters, 144 AD3d at 1654-1655).
We further conclude that respondents presented legally sufficient evidence that petitioner has serious difficulty controlling his behavior within the meaning of the Mental Hygiene Law. Respondents' expert testified that petitioner had not made sufficient progress in treatment; that he failed to address his sexual deviance, which included a desire to have sex with underage girls; and that he failed to recognize how his substance abuse was related to his sexual offenses. The expert also used two different assessments to determine that petitioner had a high risk of recidivism. For the aforementioned reasons, we also conclude that respondents met their burden of establishing that petitioner has " 'such an inability to control [his] behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility' " (Edward T., 185 AD3d at 1425, quoting Mental Hygiene Law § 10.03 [3]; see Matter of Charles B. v State of New York, 192 AD3d 1583, 1585-1586 [4th Dept 2021], lv denied 37 NY3d 913 [2021]).
Finally, we reject petitioner's contention that the determination is against the weight of the evidence. The evidence does not preponderate so greatly in petitioner's favor that the court could not have reached its conclusion on any fair interpretation of the evidence (see Matter of State of New York v Orlando T., 184 AD3d 1149, 1149 [4th Dept 2020]). The testimony of an independent expert psychologist appointed by the court was generally consistent with the testimony of respondents' expert, and "[t]he court was in the best position to evaluate the weight and credibility of the conflicting [expert] testimony presented" (id. at 1150 [internal quotation marks omitted]; see Matter of Brandon D. v State of New York, 195 AD3d 1478, 1480 [4th Dept 2021]; Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]). We see no reason to disturb the court's credibility determinations here (see Brandon D., 195 AD3d at 1480; Edward T., 185 AD3d at 1425).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court