Matter of State of New York v Ramel J. (2024 NY Slip Op 00320)

Matter of State of New York v Ramel J.

2024 NY Slip Op 00320

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2020-09195
 (Index No. 561/18)

[*1]In the Matter of State of New York, respondent,
v
Ramel J. (Anonymous), appellant.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Ana Vuk-Pavlovic, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Dennis Fan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Ramel J., a sex offender allegedly requiring civil management, Ramel J. appeals from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 16, 2020. The order, upon a finding, made after a nonjury trial, that Ramel J. was a detained sex offender who suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(g) and (i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that Ramel J. be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2010, the appellant was convicted of aggravated sexual abuse in the third degree, upon his plea of guilty. The appellant was sentenced to a term of imprisonment of five years and five years of postrelease supervision. In 2013, the State of New York commenced a proceeding pursuant to Mental Hygiene Law article 10, and the Supreme Court found probable cause to believe that the appellant would be subject to civil management. In 2015, while being transported to a hearing in that proceeding, the appellant assaulted several psychiatric officers and court officers. As a result, in 2016, he pleaded guilty to attempted assault in the second degree and was sentenced to a term of imprisonment of two to four years. The prior Mental Hygiene Law article 10 petition was dismissed without prejudice. The State commenced the instant proceeding pursuant to Mental Hygiene Law article 10 in August 2018.
The State alleged that the appellant was a sex offender requiring civil management. Pursuant to Mental Hygiene Law § 10.03(q), a "sex offender requiring civil management" is defined as a detained sex offender who suffers from a mental abnormality. The State met its burden of proving by clear and convincing evidence that the appellant was a detained sex offender pursuant to Mental Hygiene Law § 10.03(g), as he was a person who stood convicted of a sex offense as defined in Mental Hygiene Law § 10.03(p) and was subject to supervision by the division of parole for such offense and was also serving a sentence for a related offense.
The Supreme Court's determination that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) was supported by legally sufficient evidence, as there was a valid line of reasoning by which the court could have concluded that the appellant had a congenital or acquired condition, disease, or disorder that affected his emotional, cognitive, or volitional capacity in a manner that predisposed him to the commission of conduct constituting a sex offense and that resulted in him having serious difficulty in controlling such conduct (see Matter of State of New York v Francisco R., 191 AD3d 989, 990-991; Matter of Patrick S. v State of New York, 188 AD3d 699, 700). The State met its burden of proving that the appellant suffered from a mental abnormality by clear and convincing evidence.
Furthermore, the Supreme Court's determination that the appellant had a mental abnormality was based on a fair interpretation of the evidence and, as a result, was not against the weight of the evidence (see Matter of Brandon D. v State of New York, 195 AD3d 1478, 1479-1480; Matter of State of New York v Francisco R., 191 AD3d at 991). The court, as the trier of fact, was in the best position to evaluate the weight and credibility of the conflicting psychiatric testimony presented, and there is no basis to disturb the court's decision to credit the testimony of the State's experts over that of the appellant's expert (see Matter of Brandon D. v State of New York, 195 AD3d at 1479-1480).
In light of our determination, we need not reach the State's remaining contention.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court