Matter of Steven L. v State of New York (2024 NY Slip Op 01461)

Matter of Steven L. v State of New York

2024 NY Slip Op 01461

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1021 CA 23-00462

[*1]IN THE MATTER OF STEVEN L., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

TODD G. MONAHAN, LITTLE FALLS, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Supreme Court, Oneida County (Gerard J. Neri, J.), entered February 16, 2023, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner in a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he remains a dangerous sex offender requiring confinement under Mental Hygiene Law
§ 10.03 (e), petitioner contends that Supreme Court's determination, made following an annual review hearing pursuant to section 10.09 (d), is against the weight of the evidence. More specifically, petitioner contends that, although the evidence established that he continues to suffer from a mental abnormality as defined by section 10.03 (i), respondent failed to meet its burden of establishing by clear and convincing evidence that he remains a dangerous sex offender requiring confinement, as opposed to a regimen of strict and intensive supervision and treatment. We reject that contention. Respondent's expert and an independent expert both opined that petitioner continues to require confinement in a secure treatment facility, and we perceive no basis in the record to disturb the court's determination to credit the opinions of those experts (see Matter of Nushawn W. v State of New York, 215 AD3d 1227, 1230 [4th Dept 2023], lv denied 40 NY3d 901 [2023]; Matter of State of New York v Robert T., 214 AD3d 1405, 1407 [4th Dept 2023], lv denied — NY3d — [2024]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court