Matter of Daniel J. v State of New York (2024 NY Slip Op 03643)

Matter of Daniel J. v State of New York

2024 NY Slip Op 03643

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

436 CA 23-00914

[*1]IN THE MATTER OF DANIEL J., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE OFFICE OF MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS.

TODD G. MONAHAN, LITTLE FALLS, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Oneida County (Scott J. DelConte, J.), entered May 22, 2023, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing his continued confinement in a secure treatment facility (see § 10.09 [h]). We affirm.
Petitioner contends that Supreme Court relied on unreliable hearsay evidence in making its determinations. We reject that contention. It is true that the report prepared by respondent's expert contained references to allegations of uncharged sexual misconduct that we deemed inadmissible in our decision on petitioner's appeal from a prior order determining that petitioner is a dangerous sex offender requiring confinement (Matter of State of New York v Daniel J., 180 AD3d 1347, 1349 [4th Dept 2020], lv denied 35 NY3d 908 [2020]). However, the court agreed with the parties' joint request not to consider those allegations and expressly stated in its order that the uncharged conduct "was excluded, not considered and wholly disregarded." Instead, the court relied on undisputedly admissible evidence relating to petitioner's commission of other sexual offenses against children for which he was convicted, as well as the reports and testimony of the two experts who evaluated petitioner.
At the annual review hearing, respondent had the burden to prove by clear and convincing evidence that petitioner continues to suffer from a mental abnormality and remains a dangerous sex offender requiring confinement, i.e., a person "suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]; see Matter of State of New York v George N., 160 AD3d 28, 30 [4th Dept 2018]). Here, contrary to petitioner's contention, the court's determination that he is a dangerous sex offender requiring confinement is not against the weight of the evidence. The independent expert psychologist appointed by the court and respondent's expert both opined that petitioner continues to require confinement in a secure treatment facility, and we perceive no basis in the record to disturb the court's determination to credit the opinions of those experts (see Matter of Steven L. v State of New York, 225 AD3d 1230, 1230 [4th Dept 2024]; Matter of Nushawn W. v State of New York, 215 AD3d 1227, 1230 [4th Dept 2023], lv denied 40 NY3d 901 [2023]; Matter of State of New York v Robert T., 214 [*2]AD3d 1405, 1407 [4th Dept 2023], lv denied 41 NY3d 902 [2024]).
We have reviewed petitioner's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court