Matter of Francisco R. v State of New York (2025 NY Slip Op 01448)

Matter of Francisco R. v State of New York

2025 NY Slip Op 01448

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

32 CA 24-00220

[*1]IN THE MATTER OF FRANCISCO R., PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (NATHANIEL V. RILEY OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Supreme Court, Oneida County (Gregory R. Gilbert, J.), entered January 22, 2024, in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, continued the confinement of petitioner to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). We reject petitioner's contention that the determination that he requires continued confinement (see § 10.03 [e]), rather than release to strict and intensive supervision (see § 10.03 [r]) as he requests, is against the weight of the evidence. Respondent's expert witness testified that petitioner's engagement with treatment had not resulted in insight into his offending behavior, that petitioner had not fully engaged with treatment, that his continued behavior reflected that petitioner's impulsivity and sexual impulses had persisted despite his age, and that petitioner continued to fall within the well above average range for risk of reoffending based upon his scores on the Violence Risk Scale-Sex Offender Version and the Static-99 (see Matter of Wayne J. v State of New York, 184 AD3d 1133, 1135 [4th Dept 2020], lv denied 36 NY3d 906 [2021]; see also Matter of Francisco R. v State of New York, 214 AD3d 1409, 1410 [4th Dept 2023]). The fact that petitioner's expert testified that petitioner was a candidate for release to strict and intensive supervision (see § 10.03 [r]) "merely raised a credibility issue for the court to resolve, and its determination is entitled to great deference given its opportunity to evaluate [first-hand] the weight and credibility of [the] conflicting [expert] testimony" (Matter of State of New York v Robert T., 214 AD3d 1405, 1407 [4th Dept 2023], lv denied 41 NY3d 902 [2024] [internal quotation marks omitted]; see Matter of State of New York v Orlando T., 184 AD3d 1149, 1150 [4th Dept 2020]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court